No. 90-074

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

MICHAEL WESTFALL,

        Plaintiff and Respondent,

  vs.

RODNEY E. ANDERSON and
JERRY SOUTH,

        Defendants and Appellants.

APPEAL FROM:  District Court of the Eighteenth Judicial District,
In and for the County of Gallatin,
The Honorable Larry W. Moran, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Larry Jent, Attorney at Law, Bozeman, Montana
            McKinley Anderson, Attorney at Law, Bozeman, Montana

        For Respondent:

            Michael J. Lilly, Berg, Lilly, Stokes, Andriolo,
            Tollesfsen & Schraudner, Bozeman, Montana

Submitted on Briefs:  June 7, 1990

Decided:  July 30, 1990

Filed:

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

The District Court for the Eighteenth Judicial District, Gallatin County, entered judgment for plaintiff Westfall in this suit for repayment of capital contributions to a dissolved partnership. Defendants South and Anderson appeal. We affirm.

The issue is whether the District Court erred in ordering South and Anderson to repay Westfall's capital contribution without first deducting partnership liabilities.

In April 1984, Westfall, Anderson, and South formed a partnership, by oral agreement, for the purpose of developing a subdivision on certain real property in Gallatin County, Montana. The partnership entered a contract to purchase the property for $125,000. Westfall and South each contributed $5,100 toward a down payment on the land. Anderson's contribution was to be his efforts at selling lots for the partnership.

The partners made improvements to the property including foundations on several lots and a well and a septic system on one lot. Westfall and South each paid half the costs of improvements.

In the fall of 1984, an understanding was reached that Westfall would withdraw from the partnership. Beginning on September 28, 1984, all checks for the partnership were drawn on a bank account entitled "South and Anderson Builders." The signatures of both South and Anderson appeared on each check; Westfall signed none. On December 18, 1984, Westfall deeded his interest in the partnership's land to South and Anderson.

Almost four years later, Westfall filed this action to recover

his capital investment in the partnership. At trial, Westfall testified that when he deeded his interest in the partnership property to South and Anderson, they agreed to reimburse him for his down payment on the land and for the costs he paid for improvements to the property. South and Anderson, on the other hand, testified that no such agreement had been made and that Westfall should share responsibility for debts incurred for improvements on the land up until December 18, 1984. They contended that Westfall owed them money. The court, sitting without a jury, found for Westfall and entered judgment in the amount of $9,576.80 plus costs.

Did the District Court err in ordering South and Anderson to repay Westfall's capital contribution without first deducting partnership liabilities?

South and Anderson initially argue that the standard of review in an equitable proceeding such as this one is de novo review, under § 3-2-204(5), MCA. That statute provides that in an equitable proceeding, this Court must review all questions of fact arising upon the evidence presented in the record. This Court has recognized that review of findings of fact in an equitable case must comply with not only § 3-2-204(5), MCA, but also with Rule 52(a), M.R.Civ.P., which requires that findings of fact be upheld unless they are clearly erroneous. Rase v. Castle Mountain Ranch, Inc. (Mont. 1981), 631 P.2d 680, 684, 38 St.Rep. 992, 996. In equity cases, where the issues are close, a degree of deference

will be accorded the findings of the trial court, which is in a better position to make decisions of fact. Rase, 631 P.2d at 684.

South and Anderson assert that the District Court erred in finding that the partnership was dissolved on or before September 28, 1984, when Westfall ceased partnership activities. They contend that the partnership was not dissolved until December 18, 1984, when Westfall deeded his interest in the property to them.

The District Court quoted § 35-10-601, MCA, which defines the dissolution of a partnership as the change caused by "any partner ceasing to be associated in the carrying on as distinguished from the winding up of the business." The record supports the court's finding that Westfall completely ceased participation in the partnership as of September 1984. We conclude that the court was correct in concluding that the dissolution of the partnership occurred in September 1984.

South and Anderson further argue that regardless of the date of dissolution of the partnership, each partner must contribute toward the partnership losses from his share of the profits. They rely upon § 35-10-401(1), MCA. That section states that

> [e]ach partner shall be repaid his contributions whether by way of capital or advances to the partnership property and share equally in the profits and surplus remaining after all liabilities, including those to partners, are satisfied and must contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits.

However, as Westfall points out, the introduction to the above subsection states that "[t]he rights and duties of the partners in relation to the partnership shall be determined, subject to any

4

<u>agreement between them</u>, by the following rules: . . ." (Emphasis supplied.) Westfall testified that the partners had an agreement between them that South and Anderson would repay him for his capital investments to the partnership as of September 1984. Additionally, the record supports the finding that in September 1984 there were no creditors of the partnership other than the original mortgagor. We conclude that the court did not err in concluding that Westfall was entitled to $9,576.80, the amount of his contribution to the partnership.

Affirmed.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

5